## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LEO SIMON et al.,** | |
| **Plaintiffs,** | No. 2:19-cv-602 (WJM) (ESK) |
| **v.** | |
| **CARMINE A. GIANATIEMPO, M.D., et al.,** | **OPINION** |
| **Defendants.** | |

## <u>WILLIAM J. MARTINI, U.S.D.J.</u>

Before the Court is Plaintiffs' appeal of the Honorable Magistrate Judge Edward S. Kiel's August 26, 2021 Letter Order directing Plaintiffs to destroy copies of certain privileged emails inadvertently disclosed to them by Defendant Englewood Hospital and Medical Center, Inc. ("Englewood"). ECF No. 56. The Court did not hear oral argument. *See* Fed. R. Civ. P. 78(b). Having carefully considered the parties' submissions, and for the reasons expressed herein, Plaintiffs' appeal is **DENIED** and Magistrate Judge Kiel's decision is **AFFIRMED**.

## I.    BACKGROUND

In this medical malpractice action, Plaintiff Leo Simon ("Mr. Simon") and his parents (collectively, "Plaintiffs") allege that Englewood and its staff (collectively, "Defendants") failed to properly perform a tracheostomy on Mr. Simon and provide him with proper medical care prior to and subsequent to the procedure. *See generally* Compl., ECF No. 4.

In the course of discovery, the parties retained experts to opine on liability issues. On April 2, 2021, Englewood sent an Expert Report, prepared by its expert Dr. Mark Metersky, to Plaintiffs and co-Defendants. Pl. Br. at 3, ECF No. 56. Included on page 10 of the Expert Report was a single page revealing five succinct emails dated March 24, 2021, and March 25, 2021, between Englewood's counsel Mr. Clare and Dr. Metersky. *Id.*; Pl. Ex. 1, ECF No. 56-3. The five email conversations between Mr. Clare and Dr. Metersky are as follows: (a) Mr. Clare "[w]anted to make sure that [Dr. Metersky] saw this. . ."[1]; (b) Dr. Metersky confirms he has "no concerns with the suggested edits," but

---

[1] Magistrate Judge Kiel noted that the unidentified item represented by "this" appears to "refer to Dr. Metersky's draft expert report with Mr. Clare's suggested edits." Order at 2, n.2, ECF No. 55.

wants to know if he should wait until Mr. Clare obtains "the complete records" before finalizing the report; (c) Mr. Clare decides to proceed to finalize Dr. Metersky's report and wait to see if a "supplemental expert report" may be needed "after getting the [full set of] records"; (d) Dr. Metersky responds, stating, "Ok, just so you are aware, those records can only hurt us, I don't think there could be anything that would help us"; and (e) the day following these conversations, Dr. Metersky sends Mr. Clare the final report.  Pl. Ex. 1, ECF No. 56-3.

When Plaintiffs advised Englewood that the emails had been disclosed, Englewood attempted to "claw back" the emails from Plaintiffs and prevent their use in this case, arguing that they were privileged and not subject to disclosure, but Plaintiffs disagreed.  Pl. Br. at 4, ECF No. 56.  The parties submitted a joint letter brief to Magistrate Judge Kiel setting forth their positions on the issues.  ECF No. 54.  By way of Letter Order dated August 26, 2021, Magistrate Judge Kiel Ordered Plaintiffs to "promptly destroy all copies of the Emails in their possession, custody, and control" and prohibited Plaintiffs "from using the Emails for any purpose."  Order at 4, ECF No. 55.

In so ruling, Magistrate Judge Kiel made several key findings, the first of which being that Federal Rule of Civil Procedure 26(b)(4)(C) governed the dispute.  *Id.* at 2.  This Rule protects communications between an attorney and an expert witness, but it exempts from protection "facts and data" that an attorney provides to the expert for consideration.  Fed. R. Civ. P. 26(b)(4)(C)(ii).[2]  Magistrate Judge Kiel found that Englewood had already produced to Plaintiffs the records given to Dr. Metersky for his consideration.  Order at 3, ECF No. 55.  Magistrate Judge Kiel further found that "[t]he Emails *did not* provide Dr. Metersky with facts and data for consideration in preparing his expert report."  *Id.* (emphasis in original).  Rather, the emails discussed "what facts and data *have not been* provided to Dr. Metersky," and concerned "Mr. Clare's strategy concerning the timing of service of Dr. Metersky's report and the potential for a supplemental report."  *Id.* (emphasis in original).  Lastly, Magistrate Judge Kiel found "[t]here [was] nothing before [the Court] to indicate that Englewood's disclosure was not inadvertent."  *Id.*

Plaintiffs subsequently filed the instant appeal, arguing that Magistrate Judge Kiel misapplied Rule 26(b)(4)(C)(ii) and incorrectly found the disclosure of the emails to be inadvertent.  *See generally* Pl. Br., ECF No. 56.

## II.    STANDARD OF REVIEW

When considering an appeal of a Magistrate Judge's decision on a non-dispositive pretrial matter, a district court may modify or vacate the ruling only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R.

---

[2] Rule 26(b)(4)(C) also exempts from protection communications that "relate to compensation for the expert's study or testimony" or that "identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed."  Fed. R. Civ. P. 26(b)(4)(C)(i), (iii).

72.1(c)(1)(A). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (quotation marks and citation omitted). A finding of fact is "clearly erroneous" when, "although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quotation marks and citation omitted). "A ruling is 'contrary to law' when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life Ace. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). Legal conclusions on a non-dispositive motion are therefore reviewed *de novo*. *See id.*

Finally, as the issues presented here concern issues of privilege, the Court of Appeals for the Third Circuit has stated that "the applicability of a privilege is a factual question," whereas "determining the scope of a privilege is a question of law, subject to plenary review." *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 124 (3d Cir.1986) (citing *United States v. Liebman*, 742 F.2d 807, 809 (3d Cir.1984)); *see also Dr. Reddy's Labs. Ltd. v. MDS, Inc.*, No. 09-2398, 2012 WL 1033379, at *2 (D.N.J. Mar. 27, 2012) (citing same). The Court will therefore apply the "contrary to law" standard of review to Magistrate Judge Kiel's determination that the emails did not fall within the exceptions to the privilege protecting attorney-expert communications. The Court will apply the "clearly erroneous" standard to Magistrate Judge Kiel's finding that the disclosure of the emails was inadvertent.

## III.   DISCUSSION

As previously stated, Rule 26(b)(4)(C) protects communications between an attorney and an expert witness, but it exempts from protection "facts and data" that an attorney provides to the expert for consideration. Fed. R. Civ. P. 26(b)(4)(C)(ii). Plaintiffs are adamant that the substance of the five emails quoted above constitute "facts and data" that Mr. Clare provided to Dr. Metersky for consideration in his expert report. A plain reading of the emails reveals that is clearly not the information being exchanged.

As Magistrate Judge Kiel accurately determined, the information exchanged concerned what records Mr. Clare and Dr. Metersky *did not* yet have, and whether they should wait to obtain them before Dr. Metersky finalized his report. To the extent Plaintiffs focus on Dr. Metersky's response that "those records can only hurt us, I don't think there could be anything that would help us," Dr. Metersky is speculating about the content of a set of records not yet within his or Mr. Clare's possession or control. *See* Pl. Ex. 1, ECF No. 56-3. Indeed, Dr. Metersky's response came five minutes after he received Mr. Clare's email stating, among other things, that it was "[n]ot likely we will get [the] complete set of records before 4/2." *Id.* As the emails plainly do not contain any "facts and data" for Dr. Metersky's review and consideration, Magistrate Judge Kiel correctly concluded that the

emails did not fall under Rule 26(b)(4)(C)(ii)'s exception, and thus they remained privileged communications between an attorney and an expert witness.[3]

Plaintiffs' argument that Magistrate Judge Kiel erred in finding Englewood's disclosure to be inadvertent is similarly meritless. Plaintiffs argue that Englewood never attempted to "claw back" the emails until Plaintiffs reached out about the disclosure. This is a logical explanation, given that Englewood has explained that "the E-mails were inadvertently produced when they were included in a scan of the expert report." Englewood Opp. Br. at 11, ECF No. 58. There was nothing further in the record for Magistrate Judge Kiel to consider, and he did not err in so finding.

## IV.   CONCLUSION

Accordingly, having found neither clear error nor the misapplication of law in Magistrate Judge Kiel's August 26, 2021 Letter Order, ECF No. 55, Plaintiffs' appeal, ECF No. 56, is **DENIED**. Magistrate Judge Kiel's decision is **AFFIRMED**.

An appropriate Order shall follow.

_/s/ William J. Martini_
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 15, 2021**

---

[3] Plaintiffs further argue that Magistrate Judge Kiel's ruling "is unsupported by law and the Federal Rules of Civil Procedure" because he failed to consider that "Dr. Metersky is not a consulting expert, but rather a _testifying_ expert." Pl. Reply at 3, ECF No. 62 (emphasis in original); Pl. Br. at 8, ECF No. 56. To the contrary, Rule 26(b)(4)(C), the very Rule that Plaintiffs argued applied to this privilege dispute, and the same Rule that Magistrate Judge Kiel applied in his ruling, expressly provides for "Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses." _Compare_ Fed. R. Civ. P. 26(b)(4)(C), _with_ Fed. R. Civ. P. 24(b)(4)(D) ("Expert Employed Only for Trial Preparation").